UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**BERNIE M. MURRAY**                          **CIVIL ACTION NO. 23-0633**

                                              **SECTION P**
**VS.**
                                              **JUDGE TERRY A. DOUGHTY**

**RIVERBEND DETENTION**                       **MAG. JUDGE KAYLA D. MCCLUSKY**
**CENTER, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff Bernie M. Murray, a prisoner at Riverbend Detention Center ("RDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately May 5, 2023, under 42 U.S.C. § 1983. He names the following defendants: RDC, Lieutenant Bruce Morrison, and Deputy Cleve Robinson.[1]

For reasons below, the Court should retain Plaintiff's claim of delayed medical care against Lieutenant Bruce Morrison and Deputy Cleve Robinson. The Court should dismiss Plaintiff's remaining claims.

### Background

Plaintiff states that on approximately February 12, 2023, when he was in a bottom bunk, the bunk/bed above him collapsed—from "what appears to be defective welding and overweighted conditions as well as fatigue"—and both it and its occupant fell directly on his upper torso, causing him "acute severe chest pains" which radiated to his limbs. [doc. #s 1, p. 4, 11, p. 1].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff states that Deputy Cleve Robinson "was informed of the incident soon after other inmates help[ed] remove the fallen bunk off of [Plaintiff's] person." [doc. # 11, p. 1]. Robinson "promptly left to in his words 'Review the cameras.'" *Id.* Robinson returned later with Lieutenant Bruce Morrison. *Id.* When Plaintiff "expressed that [he] was experiencing pain from the incident and should be taken to [a] hospital[,] both said individuals began to laugh and stated that [Plaintiff] wasn't in pain and wasn't hurt." *Id.* "After adamantly expressing [he] was in pain for several minutes, [Plaintiff] was told by Cleve Robinson that he was about to contact LPN Mrs. L. Robinson to decide if [Plaintiff] should be taken to the hospital as [Plaintiff] requested. Once he returned, he instructed [Plaintiff] to re-enter the dorm [and said Plaintiff] would not be transported to the hospital, despite [Plaintiff's] inability to stand for a prolonged period of time, the obvious signs of having difficulty breathing, and other physical indications of pain." Plaintiff claims that Lieutenant Morrison and Deputy Robison caused him mental and emotional anguish, prolonged physical pain, and immeasurable agony. *Id.*

The next morning, Nurse Robinson told Plaintiff that she was never contacted and that Plaintiff should have gone to the hospital immediately after the incident. [doc. #s 1, p. 4; 11, pp. 1-2]. Nurse Robinson then instructed staff to immediately transport Plaintiff to a hospital. [doc. # 11, p. 2]. At the hospital, a physician diagnosed Plaintiff with chest wall contusions; Plaintiff was given "some sort of steroid shot" and was instructed to "have a follow-up visit . . . ." [doc. #s 11, p. 2; 11-1, p. 1].

Plaintiff claims that medical staff at RDC have not adhered to the hospital physician's "follow up instructions." [doc. # 1, p. 4]. Plaintiff has "not been seen or evaluated since [his] initial E.R. visit." [doc. # 11, p. 2]. He has "since had continuous chest pain, trouble sleeping, and continued mental and emotional anguish from remembering the incident . . . ." *Id.*

2

Plaintiff claims that RDC failed to have a "trained medical professional on staff 24 hours a day." [doc. # 11, p. 2].

Plaintiff seeks reimbursement for "Dr. Clawson's services and compensation for pain and suffering." [doc. # 1, p. 4].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights

complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Medical Care**

To plead a constitutional violation, a plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (*quoting Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and

acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); *see Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

A. <u>Delay in Treatment</u>

To recapitulate, Plaintiff alleges that a bunk and its occupant fell on him, causing him "acute severe chest pains" which radiated to his limbs. [doc. #s 1, p. 4; 11, p. 1]. Deputy Cleve Robinson allegedly knew about the incident. Plaintiff requested medical aid from Deputy Robinson and Lieutenant Morrison, expressing that he was experiencing pain and needed care at a hospital. Instead of providing or arranging care, Robinson and Morrison allegedly laughed and told him that he was not hurt. *Id.* Plaintiff had obvious signs of difficulty breathing, as well as "other physical indications of pain." After he adamantly expressed for several minutes that he was in pain, Robinson said he would contact Nurse Robinson. Plaintiff claims, however, that Robinson never contacted Nurse Robinson. Deputy Robinson then returned, instructed Plaintiff to return to the dormitory, and told Plaintiff that he would not be transported to a hospital.

Plaintiff does not specify the exact length of the delay in receiving medical care. He states that the incident occurred at 6:30 p.m. on February 12, 2023. [doc. # 1, p. 4]. He states in

his initial pleading that he received medical attention "the next morning." *Id.* In an amended pleading, he states that he received care "the next day." [doc. # 11, p. 1].

Plaintiff suggests that he suffered mental and emotional anguish, prolonged physical pain, and immeasurable agony during the approximately 12-hour delay in receiving medical care. He continues to suffer chest pain, trouble sleeping, and anguish.

Construing the allegations liberally and in Plaintiff's favor at this early stage of the proceeding, Plaintiff states a claim on which relief may be granted, plausibly alleging that he had serious medical needs and that Deputy Robinson and Lieutenant Morrison were deliberately indifferent to a substantial risk of serious harm.

Plaintiff did receive medical care for his injuries approximately 12 hours (or more) after he suffered the injuries. As above, a delay in treatment is not unconstitutional unless there has been deliberate indifference that results in substantial harm. Again construing Plaintiff's allegations liberally and in his favor, he plausibly describes substantial harm from the delay in treatment. He suggests that he suffered prolonged physical pain and immeasurable agony during the delay. In addition, he continues to suffer chest pain, trouble sleeping, and anguish.

While the delay in medical treatment was only approximately 12 hours, Plaintiff allegedly suffered severe pain from severe injuries during the delay. "[S]evere pain caused by the refusal to immediately treat pain can support a claim of deliberate indifference grounded in delayed treatment." *Williams v. Certain Individual Emps. of Texas Dep't of Crim. Just.-Institutional Div. at Jester III Unit, Richmond, Texas*, 480 F. App'x 251, 257 (5th Cir. 2010) (finding substantial harm where "there was a delay of almost 16 hours in receiving pain medications" for pain an inmate experienced following a leg amputation) (citing *Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir. 2001) ("We have held that the substantial harm

requirement may be satisfied by . . . considerable pain."); *see Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (finding substantial harm where the plaintiff endured *severe chest pains* during a four-hour delay in medical care); *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019) (suggesting that severe, excruciating pain from a fractured ankle combined with a two-to-three-day delay in treatment could constitute substantial harm).[3]

The Court should retain this claim against Deputy Robinson and Lieutenant Morrison.

B. <u>Follow-Up Care</u>

Plaintiff claims that medical staff at RDC have not adhered to the hospital physician's "follow up instructions." [doc. # 1, p. 4]. Plaintiff has "not been seen or evaluated since [his] initial E.R. visit." [doc. # 11, p. 2].

Plaintiff, however, does not identify a responsible defendant.[4] Accordingly, the Court should dismiss this claim. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant).[5]

---

[3] *See also Austin v. City of Pasadena, Texas*, No. 22-20341, 2023 WL 4569562, at *9 (5th Cir. July 18, 2023) ("[P]romptly failing to call for emergency assistance when a detainee faces a known, serious medical emergency . . . constitutes unconstitutional conduct. . . . The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay.") (cited sources omitted).

[4] The undersigned instructed Plaintiff to "identify a responsible defendant(s)" for his claims of lack of medical care. [doc. # 10, p. 2].

[5] *See also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual allegations."); *Jones v. Hosemann*, 812 F. App'x 235, 238–39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

8

To the extent Plaintiff names "staff" as a defendant, he does not identify a person or entity amenable to suit. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. "Staff" does not qualify as a juridical person.[6] Accordingly, the Court should dismiss Plaintiff's claims against "staff."

If by "staff" Plaintiff refers not to a singular entity but to individuals other than those he identified in his pleadings, he does not identify these persons and does not address how these unidentified persons were personally involved in depriving him of a constitutional right.

Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then *a fortiori* he cannot subject another to, or cause, a deprivation of constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Accordingly, to the extent Plaintiff names "staff" as unidentified persons, the Court should dismiss Plaintiff's claims against them.

### 3. Unamenable Entity

Plaintiff names RDC as a defendant. As above, an entity must qualify as a "juridical

---

[6] *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991); *Henderson v. Mid States Servs., Inc.*, 67 F. App'x 247 (5th Cir. 2003) (finding that the plaintiff did not show "that the Medical Department is a legal entity amenable to suit . . . .").

9

person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. RDC does not qualify as a juridical person. Accordingly, the Court should dismiss Plaintiff's claims against RDC.

### 4. Defective Welding

Plaintiff claims that the bunk/bed fell on him because of "what appears to be defective welding and overweighted conditions as well as fatigue." It is unclear if Plaintiff seeks relief for these allegations. If he does, he does not identify a responsible defendant. Accordingly, the Court should dismiss this ostensible claim.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that—excepting Plaintiff Bernie M. Murray's claim of delayed medical care against Lieutenant Bruce Morrison and Deputy Cleve Robinson—Plaintiff's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 7th day of August, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge